UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO GRAJALES,

                            Plaintiff,

              -v.-

CHRISTOPHER SNAGG, police officer, in
individual capacity; LAMARR BARNES,
police office, in individual capacity; NEW
YORK CITY; and JOHN DOE, cab driver,

                            Defendants.

---

23 Civ. 1422 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Fernando Grajales brings this *pro se* action asserting that the
defendants have violated his federal constitutional rights, and he seeks
damages.  He asserts claims under 42 U.S.C. § 1983, and sues: (i) Police
Officer Christopher Snagg; (ii) Police Officer Lamarr Barnes; (iii) the City of New
York; and (iv) an unidentified "John Doe" livery-cab driver.  The Court
construes Plaintiff's complaint as asserting claims under Section 1983, as well
as claims under state law.

By order dated February 23, 2023, the Court granted Plaintiff's request
to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (Dkt.
#3).  The Court now directs the Corporation Counsel of the City of New York to
provide to Plaintiff and the Court the badge numbers and service addresses of
the police-officer defendants, as well as the identity and service address of the
unidentified "John Doe" defendant, and the Court directs service on the City of
New York.

## DISCUSSION

**A.**     **Badge numbers and services addresses of the police-officer defendants, and the identity and service address of the unidentified "John Doe" defendant**

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying an unidentified defendant and ascertaining a defendant's service address.  121 F.3d 72, 76 (2d Cir. 1997).  In the Complaint (Dkt. #2), Plaintiff supplies sufficient information to permit the New York City Police Department ("NYPD") to determine: (i) the badge numbers and service addresses of Police Officers Christopher Snagg and Lamarr Barnes, whom Plaintiff alleges were involved in his arrest in Manhattan on or about February 19, 2022; and (ii) the identity and service address of the unidentified "John Doe" defendant, a livery-cab driver who allegedly pressed criminal charges that resulted in Plaintiff's arrest on that date, and whose telephone number is ████████4458.  It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, must ascertain that information and provide it to Plaintiff and the Court within 60 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant and providing the other newly provided information.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff may complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary,

2

issue an order directing service on the police-officer defendants and on the other newly identified defendant.

**B.     City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the City of New York.  The Clerk of Court is further instructed to issue a summons for the City of New York, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the City of New York.

If the complaint is not served on the City of New York within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

---

[1]     Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date that a summons is issued.

that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.     New York Legal Assistance Group

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court.  The clinic is operated by a private organization; it is not part of, or operated by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the court's Pro Se Intake Unit.  A copy of the flyer with details of the NYLAG clinic is attached to this Order.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff, along with an unredacted version of this Order.  The Court also directs the Clerk of Court to issue a summons for the City of New York; complete a USM-285 form with the address for the City of New York; and deliver all documents necessary to effect service on the City of New York to the U.S. Marshals Service.

The Court further directs the Clerk of Court to modify the unredacted complaint (Dkt. #2) to make it viewable by Court and the parties only; to file a redacted version of this Order on the docket; and to mail unredacted versions of this Order and the complaint to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

An amended complaint form is attached to this Order. A flyer from NYLAG is also attached to this Order.

SO ORDERED.

Dated:  March 27, 2023
          New York, New York

_____
          KATHERINE POLK FAILLA
          United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

The City of New York
Law Department
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                            State              Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# NYLAG
New York | Legal Assistance Group

**Services Provided for Self-Represented Litigants in the Southern District of New York**

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 |
https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

