UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDO GRAJALES,

                Plaintiff,

-v.-

CHRISTOPHER SNAGG, police officer, in individual capacity; LAMARR BARNES, police office, in individual capacity; NEW YORK CITY; and JOHN DOE, cab driver,

                Defendants.

23 Civ. 1422 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff's initial Complaint in this matter was filed on February 17, 2023. (Dkt. #2). After the City of New York provided Plaintiff with the shield numbers and services addresses of Officers Christopher Snagg and Lamarr Barnes, (Dkt. #9), the two police officers named as Defendants in Plaintiff's initial Complaint, in accordance with *Valentin* v. *Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), the Court ordered Plaintiff to file an Amended Complaint naming the newly-identified Defendants on or before June 26, 2023 (Dkt. #10).

    The June 26, 2023 deadline for Plaintiff to file an Amended Complaint passed with no such filing. Then, on August 2, 2023, Plaintiff filed an Amended Complaint in violation of this Court's orders. (Dkt. #14). It was unclear, however, whether Plaintiff's new Complaint was intended to supplement or supplant Plaintiff's initial Complaint. Accordingly, on September 1, 2023, Defendant City of New York wrote the Court requesting clarification regarding which of Plaintiff's pleadings was the operative one.

(Dkt. #15). On September 5, 2023, Plaintiff was ordered to file a Second Amended Complaint on or before October 2, 2023, which was thereafter to serve as the operative pleading in this matter, replacing both Plaintiff's initial Complaint (Dkt. #2) and Amended Complaint (Dkt. #14). (Dkt. #16).

The October 2, 2023 deadline for Plaintiff to file an Amended Complaint also passed with no such filing. On October 12, 2023, this Court ordered Plaintiff to show cause in writing by October 31, 2023, why this case should not be dismissed for failure to prosecute and comply with Court orders. (Dkt. #17). As of the date of the instant Order, Plaintiff has made no such submission; in fact, Plaintiff's last communication with the Court was the August 2, 2023 filing of his Second Amended Complaint, itself a violation of this Court's orders.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence* v. *Curry Shack, Corp.*, No. 17 Civ. 10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons* v. *Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann* v. *Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this case. Plaintiff has consistently failed to comply with Court orders or prosecute this case over a period of several months. This pattern of non-compliance has persisted despite the Court's attempts to work with Plaintiff and its explicit notice to him that his failure to prosecute and comply with Court orders would result in dismissal. Given the lack of participation by Plaintiff, the Court does not believe that a sanction other than dismissal would be effective. However, under these circumstances, the Court finds that dismissal without prejudice is an appropriate sanction which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to [D]efendant[s] by retaining open lawsuits with no activity." *Amoroso* v. *Cty. of Suffolk*, No. 08 Civ. 826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, this Court hereby DISMISSES this case without prejudice for failure to prosecute pursuant to Rule 41(b).  *See also Murphy* v. *Spaulding*, No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a second amended complaint or respond to the Court's show cause order); *Lopez* v. *Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff's address of record.

SO ORDERED.

Dated:  November 8, 2023
        New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge